UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>NICOLE D. HILLIARD,<br><br>            Defendant. | No. CR-10-90-FVS<br><br>ORDER DENYING MOTION TO VACATE |

**THIS MATTER** comes before the Court without oral argument pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for review of the defendant's motion to vacate her conviction and sentence. She is representing herself.

**BACKGROUND**

On July 9, 2010, a two-count indictment was filed charging the defendant with distributing cocaine base on February 26, 2010, and June 17, 2010. A warrant was issued for her arrest. Law enforcement officers obtained a warrant from a state judicial officer authorizing them to search a residence in which the defendant was living. The officers executed the search warrant on July 14, 2010. They allegedly found a large quantity of cocaine base. On July 20th, officers arrested the defendant. A three-count superseding indictment was filed on August 3rd. It added a new count charging the defendant with

Order - 1

possession with intent to distribute cocaine base.  On November 1st, she entered a plea of guilty to count 3 in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C).  Pursuant to paragraph 20 of the plea agreement, she waived any appeal of her conviction and sentence as long as the Court adhered to the agreement's terms.  On June 13, 2011, the Court sentenced the defendant to a term of 110 months.  This was within the range -- 100 to 150 months -- set forth in the plea agreement.  The defendant did not file a notice of appeal.  On June 12, 2012, she lodged an unsigned motion to vacate with the District Court Executive seeing relief under 28 U.S.C. § 2255.  On June 21st, she submitted a signed signature page.  Her § 2255 motion has been submitted to the Court for review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

**RULING**

The defendant's § 2255 motion sets forth a single ground for relief, *viz.*, "UNLAWFUL SEARCH."  However, her § 2255 motion does not explain which search was unlawful, why it was unlawful, or why she may challenge it under § 2255 given the terms of her plea agreement.  Given the vagueness of the defendant's § 2255 motion, and given the terms of her plea agreement, there is no reason to think she is entitled to relief.  Her § 2255 motion will be denied.  *See* 28 U.S.C. foll. § 2255, Rule 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.").

Order - 2

**IT IS HEREBY ORDERED:**

1. The defendant's motion to vacate (**ECF No. 93**) is **denied.**

2. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the United States.

**DATED** this  26th   day of June, 2012.

>         s/ Fred Van Sickle
>         Fred Van Sickle
> Senior United States District Judge

Order - 3