UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

NICOLE D. HILLIARD,

        Defendant.

No. CR-10-90-FVS

ORDER DENYING MODIFICATION OF SENTENCE

**THIS MATTER** comes before the Court based upon the defendant's motion to modify her sentence. She is representing herself.

**BACKGROUND**

On November 1, 2010, the defendant pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a single count of possession with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). She acknowledged she qualified as a career offender within the meaning of U.S.S.G. 4B1.1. Thus, her offense level could have been as high as 34 and her criminal history category could have been as high as category VI. This would have meant a range of 262-327 months imprisonment. As it turned out, the parties agreed the defendant need not receive a prison term within the guideline range. However, they agreed she would receive a substantial term of imprisonment. The defendant was required to recommend a sentence of at least 100 months imprisonment. The United States was prohibited from recommending a sentence of more than 150 months imprisonment.

Order - 1

Ultimately, the Court accepted the proposed plea agreement and, on June 13, 2011, sentenced the defendant to a term of 110 months imprisonment. Matters did not end there. During June of 2012, she moved to vacate the judgment. 28 U.S.C. § 2255. The Court denied her motion on June 26, 2012. On May 9, 2013, she filed a motion to modify her sentence. 28 U.S.C. § 3582. In addition to the motion, she has submitted two letters to the Court.

**RULING**

Section 3582(c)(2) authorizes a district court to modify a sentence of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." (Emphasis added.) The defendant's § 3582 motion faces two insurmountable obstacles. To begin with, she has not identified an amendment to the Sentencing Guidelines that **both** applies to her case and has taken effect since she was sentenced. The amendment she cites -- *i.e.*, Amendment 12 -- was in effect when she was sentenced. In addition, her sentence was not based upon a guideline range that was calculated pursuant to the Sentencing Guidelines. Rather, her sentence was based upon the terms of an 11(c)(1)(C) plea agreement. Section 3582(c) does not apply to such sentences. *United States v. Austin*, 676 F.3d 924, 928 (9th Cir. 2012).

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion for Modification" (**ECF No. 96**) is denied.

Order - 2

2. The Court declines to answer the questions that the defendant posed in her letters because she is asking for legal advice, which the Court may not offer.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the United States.

**DATED** this ___4th___ day of June, 2013.

                    s/ Fred Van Sickle
                        Fred Van Sickle
          Senior United States District Judge